```
        IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF ALABAMA
                   SOUTHERN DIVISION
```

```
EARNEST LEE WALKER, SR.,      *
                              *
    Plaintiff,                *
                              *
vs.                           *   CIVIL ACTION NO. 16-00175-KD-B
                              *
CARTER DAVENPORT, et al.,     *
                              *
    Defendants.               *
```

### REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff Earnest Lee Walker Sr.'s Motion for Motion for Temporary Restraining Order and Preliminary Injunction. (Doc. 3). Upon consideration of the motion and the relevant precedent, the undersigned recommends that this motion be **denied** for the reasons set forth below.

I.  Introduction

In his request for emergency relief, Plaintiff requests a preliminary injunction and/or temporary restraining order prohibiting the Defendants from restricting diets at the Holman Correctional Facility. (Doc. 3 at 2). According to Walker, the prison is providing diets to the prison population that are inadequate in both "calories" and "nutrients" and, the food is "prepared in and served in an unconstitutional manner." (Id. at 1-2). Walker contends that Defendants have imposed diet restrictions due to a "work stoppage" at the prison that

occurred on or about May 1, 2016. (Id. at 2). He further claims that the Defendants have "directly or indirectly sanctioned these restrictions", and that the "good faith" response by the Defendants would be to procure "MREs (meal ready to eat)" instead of "chastising the entire population with [the] restriction of food and violation of medical diets[,] etc". (Id. at 2-4).

Upon review and consideration of Walker's motion and the attached documentation, the undersigned concludes that his motion is due to be **denied** for the reasons set forth below.

## II. Standard of Review

The decision to grant or deny a preliminary injunction "is within the sound discretion of the district court. . ." Palmer v. Braun, 287 F.3d 1325, 1329 (11th Cir. 2002). This court may grant a preliminary injunction only if Walker demonstrates each of the following prerequisites: (1) a substantial likelihood of success on the merits; (2) a substantial threat that an irreparable injury will occur absence issuance of the injunction; (3) the threatened injury outweighs the potential damage the requested injunction may cause the non-moving parties; and (4) the injunction would not be adverse to the public interest. Palmer, 287 F.3d at 1329; McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998); Suntrust Bank v.

Houghton Mifflin Co., 268 F.3d 1257, 1265 (11th Cir. 2001)(internal citations and quotation marks omitted).

A preliminary injunction is considered an extraordinary remedy, and courts must balance the competing claims of injury and must consider the effect on each party when granting or withholding the relief requested. Winter v. Natural Resources Defense Counsel, Inc., 555 U.S. 7, 24, 129 S. Ct. 365, 172 L.Ed.2d 249 (2008). "In this Circuit, '[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant clearly established the "burden of persuasion"' as to the four requisites." McDonald's, 147 F.3d at 1306; All Care Nursing Service, Inc. v. Bethesda Memorial Hospital, Inc., 887 F.2d 1535, 1537 (11th Cir. 1989)(a preliminary injunction is issued only when "drastic relief" is necessary).

**III. Discussion**

When considering a *pro se* litigant's allegations, the court construes them liberally, and holds them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 595-596, 30 L. Ed. 2d 652 (1972). However, even with the lenient standard afforded *pro se* prisoner motions, it cannot be said that Walker has met his burden of proving that a preliminary injunction should issue in this case.

In his request for relief, Walker repeatedly states that the food he is receiving at Holman is not adequate and is deficient in "calories or nutrients" (See Doc. 3 at 1, 3, 4, 7.). In addition, Walker contends that prison officials are restricting all diets, even those based on medical needs. (See id. at 2, 5, 7). Walker's claims are vague and conclusory at best. He has not provided any details regarding the specific diet restrictions that have been put in place at the prison, nor has he identified the medical diet restrictions that prison officials have purportedly ignored. Furthermore, Walker has not alleged any personal harm to himself. Instead, he merely contends that a number of diet restrictions and other punitive measures have been put in place in response to prisoners' refusal to work.(Id. at 7).

Interestingly, the only detail that Walker provides regarding the alleged restrictions actually cut against his assertions. According to Walker, Defendants provide "an excessive diet of red meat[,] hot dogs[,] sandwich[es,] etc." with "one serving of vegetable". (Id. at 7). The law is quite settled that the Constitution requires that prisoners be provided with "reasonably adequate food", and that to meet this standard, prisons are required to provide a "well-balanced meal, containing sufficient nutritional value to preserve health". Hamm v. DeKalb County, 774 F. 2d. 1567, 1575 (11th Cir.

1985)(citations omitted). Walker readily admits that he is being provided with both meat and a serving of vegetables under the allegedly restricted diet. And, while the prison diet may not include Walker's "meals of choice", he has not established that the meals being served are either nutritionally inadequate or harmful to him.

Taking into account the factors that must be met before a preliminary injunction can be issued, the undersigned concludes that Walker's allegations fail to meet even the first prong of the test outlined in Palmer. See Palmer, 287 F.3d at 1329; see also Church v. City of Huntsville, 30 F.3d 1332, 1342 (11th Cir. 1994)(the moving party's failure to demonstrate a "substantial likelihood of success on the merits" may defeat a party's claim, regardless of the party's ability to establish any of the other elements). Walker provides no specific information that explains in what manner the prison diet is nutritionally inadequate, or how the restrictions will irreparably harm him if allowed to continue. Indeed, it is clear that the prison *is* providing the prison population with a variety of food, including meats and vegetables. Further, Walker's vague claim that medical diets are being ignored is wholly lacking in specification such that it provides no basis for preliminary injunctive relief.

5

**IV. Conclusion**

For the reasons outlined above, the undersigned finds that Walker has not met his burden of proving that a preliminary injunction should issue in the instant case. Accordingly, it is the recommendation of the undersigned Magistrate Judge that Walker's Motion for Preliminary Injunction should be **denied.**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); **Fed.R.Civ.P.** 72(b); S.D ALA GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir.*

*R. 3-1*. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **6th** day of **June, 2016.**

                                                       /s/ SONJA F. BIVINS
                                           **UNITED STATES MAGISTRATE JUDGE**