IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARNEST LEE WALKER, SR.,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 16-00175-KD-B |
| **CARTER DAVENPORT,** *et.al.*, | : |
| Defendants. | : |

**REPORT AND RECOMMENDATION**

Plaintiff Earnest Lee Walker, an Alabama prison inmate proceeding *pro se*, filed a complaint under 42 U.S.C. § 1983 (Doc. 1), together with a Motion to Proceed Without Prepayment of Fees (Doc. 2). This action was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R), and is now before the Court due to Plaintiff's failure to pay the partial filing fee as directed.

Following a review of Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2), this Court determined that while Plaintiff is unable to pay the full filing fee, he can pay a partial filing fee of $8.77. Accordingly, in an Order dated June 9, 2016, the Court ordered Plaintiff to pay a partial filing fee in the amount of $8.77 by July 11, 2016. (Doc. 5). Plaintiff was cautioned that his failure to comply with the order within the prescribed time would result in the dismissal of his action. A review of the docket reflects

that Plaintiff has not paid the partial filing fee, nor has he notified the Court of any steps that he has taken to comply with the Court's order. In addition, Plaintiff's copy of the Court's order directing him to pay the partial filing fee has not been returned to the Court.

Due to Plaintiff's failure to comply with the Court's Order and to prosecute this action by paying the partial filing fee, as directed, the Court recommends, through its inherent powers, that this action be dismissed without prejudice. Link v. Wabash R.R., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1389 (1962) ("The authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power" governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."); Zocaras v. Castro, 465 F.3d 479, 483 (11th Cir. 2006) (recognizing a district court's inherent power to enforce orders and provide for the efficient disposition of litigation); Wilson v. Sargent, 313 F.3d 1315, 1331-32 & n.7 (11th Cir. 2002) (holding that a prisoner's failure to pay the partial filing fee under §1915 is a basis for dismissal); *see generally* Betty K Agencies, Ltd. v. M/V Monada, 432 F.3d 1333, 1337-38 (11th Cir. 2005) (discussing dismissals pursuant to the court's inherent power and dismissals based on Rule 41(b) of the Federal Rules of Civil Procedure, and concluding that only a dismissal *with prejudice* requires findings of contumacious conduct and that lesser sanctions will not suffice).   To the extent Plaintiff

disputes the Court's finding of failure to pay the partial filing fee and desires to proceed with the litigation of his action, he shall set forth in an objection to the report and recommendation the reasons for his failure to pay.  Wilson, 414 F.3d at 1320 (citing to *Hatchet v. Nettles,* 201 F.3d 651, 654 (5th Cir. 2000) (finding that an objection to a recommendation is an acceptable means to ascertain the steps taken by a prisoner to comply with the order to pay a partial filing fee)).

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this **25th** day of **July, 2016.**

/s/ Sonja F. Bivins
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. ALA. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." *11th Cir. R. 3-1.* In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.